IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MICHAEL BUCKNER, MICHAEL
O. MCKOWN, PAUL PICCOLINI, and
CARLO TARLEY, as Trustees of the
UNITED MINE WORKERS OF
AMERICA 1992 BENEFIT PLAN,**

      **Plaintiffs,**

v.                                    Case No.: 3:21-cv-00374

**KEYROCK ENERGY, INC.,**

      **Defendant.**

### MEMORANDUM OPINION

This matter is before the court by consent of the parties pursuant to 28 U.S.C. §636(c)(1). Plaintiffs, trustees of the United Mine Workers of America 1992 Benefit Plan ("the Plan"), filed an amended complaint alleging that Defendant, Keyrock Energy, Inc. ("Keyrock"), has failed to pay benefits owed under the Plan accrued from June 15, 2015 through May 15, 2021. (ECF No. 3). Pending is Plaintiffs' Motion for Summary Judgment, (ECF No. 26), to which Keyrock did not respond. For the reasons stated herein, the court **GRANTS** Plaintiffs' Motion for Summary Judgment.

**I.**    **Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when no genuine issue of material fact is in dispute, and the moving party is entitled to judgment as a matter of law. *Lyons v. City of Alexandria*, 35 F.4th 285 (4th Cir. 2022) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The court

must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson v. New Yorker Magazine,* 501 U.S. 496, 520 (1991). Consequently, motions for summary judgment impose a heavy burden on the moving party; it must be obvious that no material facts are in dispute and no rational trier of fact could find for the nonmoving party. *See Gary v. Facebook, Inc.*, 822 F. App'x 175, 179 (4th Cir. 2020) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

There is a genuine factual dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Initially, the moving party has the burden to show there is no genuine dispute of material fact; once the motion is made and supported, the burden shifts to the non-moving party to show there is a dispute. *See Bouchat v. Baltimoore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003). To assert that a fact is genuinely in dispute, the non-moving party must support its assertion and cannot rely on a bare denial in the pleadings. *Id.*; Fed .R. Civ. P. 56(e). If a party fails to address another party's assertion of fact, the court may grant summary judgment if the motion and supporting materials show the movant is entitled to it. Fed .R. Civ. P. 56(e).

II. **Relevant Law**

Title 26 U.S.C. §§ 9701-9722, referred to as the Coal Act, provides for the establishment of the 1992 United Mine Workers of America Benefit Plan, which administers lifetime health benefits to certain coal industry retirees and their dependents. *Id.* § 9712. The Plan is funded through premiums paid by the "last signatory operators"— the retirees' last employers under a UMWA contract, such as the 1988 National Bituminous Coal Wage Agreement. *Id.* §9701(c). The Plan guarantees that last signatory

must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson v. New Yorker Magazine,* 501 U.S. 496, 520 (1991). Consequently, motions for summary judgment impose a heavy burden on the moving party; it must be obvious that no material facts are in dispute and no rational trier of fact could find for the nonmoving party. *See Gary v. Facebook, Inc.*, 822 F. App'x 175, 179 (4th Cir. 2020) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

There is a genuine factual dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Initially, the moving party has the burden to show there is no genuine dispute of material fact; once the motion is made and supported, the burden shifts to the non-moving party to show there is a dispute. *See Bouchat v. Baltimoore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003). To assert that a fact is genuinely in dispute, the non-moving party must support its assertion and cannot rely on a bare denial in the pleadings. *Id.*; Fed .R. Civ. P. 56(e). If a party fails to address another party's assertion of fact, the court may grant summary judgment if the motion and supporting materials show the movant is entitled to it. Fed .R. Civ. P. 56(e).

II. **Relevant Law**

Title 26 U.S.C. §§ 9701-9722, referred to as the Coal Act, provides for the establishment of the 1992 United Mine Workers of America Benefit Plan, which administers lifetime health benefits to certain coal industry retirees and their dependents. *Id.* § 9712. The Plan is funded through premiums paid by the "last signatory operators"— the retirees' last employers under a UMWA contract, such as the 1988 National Bituminous Coal Wage Agreement. *Id.* §9701(c). The Plan guarantees that last signatory

operators pay monthly per beneficiary premiums, adjusted annually based on the cost of providing benefits. *Id.* §9712(d). These last signatory operators and any "related person" are jointly and severally liable for the payments. *Id.* §9712(d)(4). A "related person" includes a business under common control with a last signatory operator, *id.* §9701(c)(2)(A)(ii), determined as of June 20, 1992. *Id.* §9201(c)(2)(B). If Plaintiffs prove that Keyrock is a related person within the meaning of the statute, then Keyrock is liable for the unpaid premiums.

In addition to the unpaid premiums, Plaintiffs would be entitled to interest, liquidated damages or interest, and reasonable attorneys' fees and costs. The Coal Act provides that section 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA") applies to the payment obligations of last signatory operators and related persons, who are treated the same as employers under that section. 26 U.S.C. §9721. Section 4301 of ERISA states that the failure of an employer to make any withdrawal liability payment is treated as a delinquent contribution. 29 U.S.C. §1451(b). Under ERISA, if fiduciaries for a plan succeed in an action for delinquent contributions, the court must award them: the unpaid contributions, interest on the unpaid contributions, the greater amount of either the interest or liquidated damages provided under the plan, reasonable attorneys' fees and costs, and any other appropriate legal or equitable relief. *Id.* §1132(g)(2). Therefore, if Plaintiffs, trustees of the Plan, are entitled to summary judgment, Keyrock must pay not only the premiums owed but also interest on the premiums, another payment of either interest or liquidated damages, and Plaintiffs' fees and costs in bringing this action.

### III. Facts and Procedural History

There is no genuine dispute of material fact in this case. Plaintiffs' Motion for

Summary Judgment provides clear support for all its factual assertions, and Keyrock, having failed to respond, has not disputed any of those assertions by citing to the record or showing that Plaintiffs' materials establish a genuine dispute. Accordingly, the assertions in Plaintiffs' Motion are treated as fact.

Plaintiffs are trustees of the 1992 Benefit Plan, which administers health benefits to certain retired workers in the coal industry. (ECF No. 3 at 1–2). There are currently seven eligible beneficiaries to the 1992 Plan who were last employed by Childress Services Corporation ("CSC"). (ECF 26-2 at 7). John Childress owned 100% of both CSC and Keyrock as of July 20, 1992. (ECF No. 26-3 at 9). Keyrock has previously paid the monthly per beneficiary premiums, but no entity paid the premiums for July 15, 2015 through November 15, 2021, with the exception of one payment of $25,000 made by Keyrock in October 2021. (*Id.* at 4). Keyrock has paid the monthly premiums since December 2021. (*Id.*)

As of August 15, 2022, the total principal owed, minus the one-time $25,000 payment, equals $481,932.79. (ECF No. 26-3 at 4). Interest accrues on the premiums at a rate prescribed by 26 U.S.C. §2261; the interest on the unpaid premium through August 15, 2022 is $79,306.91. (*Id.* at 4–5). Interest has continued to accrue daily since August 15, 2022, at a rate of $66.02 per day. (*Id.* at 5). The other payment mandated by statute, the greater of interest or liquidated damages, amounts to $96,386.36.[1] (*Id.* at 4). As of August 15, 2022, the full amount owed by statute was $657,625.06, plus reasonable costs and attorneys' fees. (*Id.* at 5).

---

[1] Under ERISA, in addition to the premiums and interest, benefit plans that succeed in an action for delinquent contributions are entitled to a payment equal to the greater amount of either 1) interest accrued on the unpaid principal or 2) liquidated damages provided by the benefit plan. 29 U.S.C. §1132(g)(2)(c). The 1992 Plan states that liquidated damages are equal to 20% of the unpaid principal. (ECF No. 26-4 at 15). Here, the greater amount is 20% of the principal, $96,386.36.

Plaintiffs previously sued Keyrock for monthly per beneficiary premiums in 2007. *Holland v. Keyrock Energy Inc.*, No. 5:06-cv-00916, 2007 WL 3070492 (S.D.W. Va., Oct. 19, 2007). The court found that Keyrock was a related person to CSC, the last signatory operator of beneficiaries under the Plan, and, accordingly, found Keyrock liable for the unpaid premiums. *Id.*

Plaintiffs filed their complaint in this action on June 24, 2021 and filed an amended complaint updating the number of eligible beneficiaries on July 2, 2021. (ECF Nos. 1, 3) Keyrock answered the complaint, asserting that Keyrock was not a related person under the Coal Act and was therefore not liable for the premiums. (ECF No. 8). Plaintiffs subsequently filed this Motion for Summary Judgment. (ECF No. 26). Keyrock did not respond. Alongside its Motion for Summary Judgment, Plaintiffs submitted: the Judgment Order and Memorandum Opinion from October 19, 2007, finding Keyrock liable for benefit premiums owed to beneficiaries under the 1992 Plan, (ECF No. 26-1); Keyrock's Responses to Plaintiffs' Requests for Admission, (ECF No. 26-2); the declaration of Samuel Rodriguez, (ECF No. 26-3); a copy of the 1992 Plan and Declaration of Trust, (ECF No. 26-4); and a copy of the court's opinion in a similar case brought by Plaintiffs against another defendant, *Holland v. North Star Contractors, Inc.*, (ECF No. 26-5).

IV. **Discussion**

The only meaningful dispute between the parties is whether Keyrock qualifies as a related person under the Coal Act, which Keyrock simply denied in its answer to the complaint without providing any support or addressing the previous court judgment against Keyrock. However, Keyrock is collaterally estopped from arguing that it is not a related person.

Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue of law or fact that was actually and necessarily decided in a prior proceeding resulting in a valid, final judgment, where the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue or fact in the previous forum. *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006); *Sedlack v. Braswell Servs. Group*, 134 F.3d 219, 224 (4th Cir. 1998). Though the Plaintiffs do not explicitly raise collateral estoppel or issue preclusion in their Motion, it is clear they intended to invoke it, referring to the prior judgment several times and submitting it alongside the motion. (ECF Nos. 26, 26-1). Additionally, because collateral estoppel preserves judicial resources, a court may raise collateral estoppel *sua sponte* if it is on notice that it has previously decided the issue, which is true here. *Rahim v. South Carolina*, No. 2:11-908-HFF-BHH, 2011 WL 7021042, (D.S.C., Aug. 8, 2011).

In the prior case, *Holland v. Keyrock Energy, Inc.*, trustees for the 1992 Plan sued CSC and Keyrock for unpaid monthly premiums which had accrued from March 1997 through June 2007. No. 5:06-cv-00916, 2007 WL 3070492 (S.D.W. Va., Oct. 19, 2007). The court found that CSC and Keyrock were wholly owned by John Childress as of July 20, 1992, making Keyrock a related person under the Coal Act. *Id.* This made Keyrock jointly and severally liable for the unpaid premiums for the beneficiaries whose last signatory operator was CSC. *Id.* All elements of collateral estoppel are met here. The issue in the previous case was identical to the one presented here: whether Keyrock is a related person to CSC and thus jointly and severally liable for unpaid premiums due under the 1992 Plan. The issue was actually decided on the merits, and, as the primary legal question in the case, was necessary to the judgment. The order granting summary judgment was valid and final. *See Piedmont Env't Council v. Flowers*, 319 F.Supp.2d 678, 681 (N.D.W.

Va. 2004). Although Keyrock failed to respond to the motion for summary judgment in the prior case, it had a full and fair *opportunity* to litigate the issue. *See Williford v. LSF8 Master Participation Trust*, No. 17-1516, 2018 WL 451644, at *3 (E.D. Penn., Jan. 17, 2018). Because all requirements of issue preclusion are met, the prior decision on the issue applies: Keyrock is a related person to CSC and is liable for the unpaid premiums and other payments mandated by ERISA and the Coal Act.

As of August 15, 2022, Keyrock owed $657,625.06 plus reasonable attorneys' fees. (ECF No. 26 at 3). The court awards Plaintiffs $657,625.06. Interest, liquidated damages, and attorneys' fees have continued to accrue over the course of the litigation. (*Id.* at 4). Plaintiffs shall submit the supporting documentation as indicated in the accompanying Judgment Order.

V.  **Conclusion**

For the reasons set forth in this Memorandum Opinion and Order, the court finds that Defendant has not met their burden to resist Plaintiff's Motion for Summary Judgment. Accordingly, the Motion for Summary Judgment, (ECF No. 26), is **GRANTED**.

The Clerk is instructed to provide a copy of this Memorandum Opinion to counsel of record.

**ENTERED:** November 4, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge